# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VDPP, LLC,**<br><br>  Plaintiff,<br>v.<br><br>**MAXELL CORPORATION OF AMERICA**<br><br>  Defendant. | Case No.: 2:24-cv-5756<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VDPP, LLC ("VDPP") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,948,922 ("the '922 patent") and U.S. Patent No. 10,951,881 ("the '881 patent") (referred to as the "Patents-in-Suit") by Maxell Corporation of America ("Defendant" or "Maxell").

## THE PARTIES

1. Plaintiff VDPP is a company organized under the laws of Oregon with a principal place of business located in Corvallis, Oregon.

2. On information and belief, Defendant is a corporation organized and existing under the laws of the State of New Jersey, with a regular and established place of business located at 3 Garret Mountain Plaza, 3rd Floor, Suite #300, Woodland Park, NJ, 07424. For example, on Defendant's website at maxell-usa.com, on the "Contact Us" page, Defendant lists its New Jersey address:

**MAXELL CORPORATION OF AMERICA**

MAXELL CORPORATION OF AMERICA
3 Garret Mountain Plaza, 3rd Floor, Suite#300
Woodland Park, NJ 07424-3352
Toll Free: (800) 533-2836
Tel: 973-653-2400
Fax: (201) 796-8790

Toll Free Technical Support call: 1-800-377-5887
E-mail: techsupp@maxell.com

OEM Battery Technical Support/Inquiries 973-653-2400
Email: oembatterysupport@maxell.com

3. On information and belief, Defendant sells and offers to sell products and services throughout New Jersey, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in New Jersey and this judicial district. Defendant can be served with process through their registered agent, Charles Freidrich, Scarinci & Hollenbeck, LLC, 150 Clove Road, 9th Floor, Little Falls, NJ, 07424, at its place of business, or anywhere else it may be found.

## JURISDICTION AND VENUE

1. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

2. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New Jersey and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New Jersey and in this judicial district; and (iii) Plaintiff's cause of action arises directly from

Defendant's business contacts and other activities in the State of New Jersey and in this judicial district.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New Jersey and this District.

## THE PATENTS IN SUIT

4. On April 17, 2018, U.S. Patent No. 9,948,922 ("the '922 patent," included as **Exhibit A**) entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '922 patent by assignment.

5. The '922 patent relates to a system called 3Deeps that will allow almost any motion picture filmed in 2D (single image) to be viewed with the visual effect of three dimensions.

6. On March 16, 2021, U.S. Patent No. 10,951,881 ("the '881 patent," included as **Exhibit B**) entitled "Faster State Transitioning for Continuous Adjustable 3Deeps Filter Spectacles Using Multi-Layered Variable Tint Materials" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '881 patent by assignment.

7. The '881 patent relates to an electrically controlled spectacle frame and optoelectronmic lenses housed in the frame.

## COUNT I – INFRINGEMENT OF 9,948,922

8. The preceding paragraphs are incorporated by reference as if fully restated herein.

9. Defendant maintained, operated, and administed systems, products, and services in the field of motion pictures that infringed one or more of claims of the '922 patent, including one or more of claims 1-12, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '922 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

10. Support for the allegations of infringement may be found in the preliminary exemplary charts attached as **Exhibit C**. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has also induced infringement of the '922 patent. Defendant encouraged and/or instructed others (e.g., its customers and/or the customers of its related companies) on a system comprising a storage adapted to store one or more image frames and a processor adapted to obtain a first image frame from a first video stream of one or more of claims 1-12 of the '922 patent, literally or under the doctrine of equivalents. For clarity, direct infringement is previously alleged in this complaint.

12. Defendant also contributorily infringed. Defendant encouraged and/or instructed others (e.g., its customers and/or the customers of its related companies) on how to use its products and services (e.g., a system related to the field of motion pictures) and related services that provide system and method comprising a storage adapted to store one or more image frames and a processor adapted to obtain a first image frame from a first video stream such as to cause

infringement of one or more of claims 1-12 of the '922 patent, literally or under the doctrine of equivalents. For clarity, direct infringement is previously alleged in this complaint.

13. Defendant has caused Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '922 patent.

## COUNT II – INFRINGEMENT OF 10,951,881

14. The preceding paragraphs are incorporated by reference as if fully restated herein.

15. Defendant maintained, operated, and administered systems, products, and services in the field of automotive manufacture that infringed one or more of claims of the '881 patent, including one or more of claims 1-2, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '881 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

16. Support for the allegations of infringement may be found in the preliminary exemplary charts attached as **Exhibit D**. These allegations of infringement are preliminary and are therefore subject to change.

17. Defendant has also induced infringement. Defendant encouraged and/or instructed others (e.g., its customers and/or the customers of its related companies) on how to use its products and services (e.g., a system related to an electrically controlled spectacle frame and optoelectronmic lenses housed in the frame) such as to cause infringement of one or more of claims 1-2 of the '881 patent, literally or under the doctrine of equivalents. For clarity, direct infringement is previously alleged in this complaint.

18. Defendant also contributorily infringed. Defendant has encouraged and/or instructed others (e.g., its customers and/or the customers of its related companies) on how to use its products and services (e.g., a system related to an electrically controlled spectacle frame and optoelectronmic lenses housed in the frame) such as to cause infringement of one or more of claims 1-2 of the '881 patent, literally or under the doctrine of equivalents. For clarity, direct infringement is previously alleged in this complaint.

19. Defendant has caused Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '881 patent.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. That this Court enter judgment that Defendant has infringed the claims of the '922 and '881 patents;

b. That this Court award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. That this Court award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

  d.  That this Court award Plaintiff such other and further relief as this Court deems just and proper.

DATED: April 30, 2024    Respectfully submitted,

By: */s/David L. Hecht*
David L. Hecht

**HECHT PARTNERS LLP**

125 Park Avenue
New York, NY 10017
(212) 851-6821

dhecht@hechtpartners.com

William P. Ramey, III (*pro hac vice* to be filed)
wramey@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

***Attorneys for VDPP, LLC***